IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE FARM LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br>v.<br><br>EDUARDO CANUL, et al.,<br><br>    Defendants. | Case No.: 1:11-cv-01787 AWI JLT<br><br>FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(Doc. 20) |

State Farm Life Insurance Company (""State Farm" or "Plaintiff") seeks the entry of default judgment against defendant Eduardo Canul ("Canul" or "Defendant"), who has neither appeared nor filed an opposition to the motion. Other named defendants have not opposed the motion. On April 10, 2012, counsel for Plaintiff and the other named defendants appeared but Canul did not. For the following reasons, the Court recommends Plaintiff's motion for default judgment be **GRANTED**.

**I.    Factual and Procedural History**

According to Plaintiff, State Farm issued life insurance policy number LF-2255-8658 in the amount of $500,000 ("the Policy") to Juanita Francisco, who died on November 23, 2010. (Doc. 2 at 2). Defendant was the primary beneficiary under the terms of the policy, and successor beneficiaries were identified as Georgina Canul, Eduardo F. Canul, and Gregorio Calso. *Id.*

Plaintiff initiated this matter by filing its complaint in interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure against Eduardo Canul, Georgina Canul, Eduardo F. Canul, and

1

Gregorio Calso on October 24, 2011 (Doc. 2).  Plaintiff asserts it "is and, at all times mentioned in [the] complaint, has been ready, willing and able to pay the proceeds that are due and owing under the Policy to the person or persons legally entitled thereto." *Id.* at 2.  However, given the circumstances and the potential of conflicting claims to the payments, "State Farm does not know and cannot determine the person or persons legally entitled to [the] proceeds" of the Policy.  *Id.*

On October 26, 2011, summons were issued to all defendants.  (Doc. 6).  Defendants Gregorio Calso, Georgina Canul, and Eduardo F. Canul, filed their answer on January 6, 2012, and "affirmatively allege[d] that co-defendant Eduardo Canul feloniously and intentionally killed the decedent and that as a result, Eduardo Canul is barred from asserting any claim to the Policy proceeds." (Doc. 21 at 2).

On January 18, 2012, Plaintiff filed a proof of service indicating Defendant Eduardo was served on December 27, 2012.  (Doc. 14).  Despite being served with the summons and complaint, Defendant Canul failed to file a response within the time prescribed by the Federal Rules of Civil Procedure, or otherwise appear and defendant in the action.  Upon application of Plaintiff, and pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, default was entered against Defendant on February 3, 2012.  (Doc. 18).

**II.     Legal Standards for Default Judgment**

The Federal Rules of Civil Procedure govern applications to the Court for issuance of default judgment.  Where a default has been entered because "a party against whom a judgment for relief is sought has failed to plead or otherwise defend," the party seeking relief may apply to the court for a default judgment.  Fed. R. Civ. P. 55(a)-(b).  After the entry of default, well-pleaded factual allegations regarding liability are taken as true, but allegations regarding the amount of damages must be proven.  *Pope v. United States*, 323 U.S. 1, 22 (1944); *see also Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).

The entry of default "does not automatically entitle the plaintiff to a court-ordered judgment. *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp.2d 1172, 1174 (C.D. Cal 2002), *accord Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986).  In addition, granting or denying a motion for default judgment is within the discretion of the Court.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1980 (9th Cir.

1980). The Ninth Circuit opined,

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). As a general rule, the issuance of default judgment is disfavored. *Id.* at 1472.

### III.    Application of *Eitel* Factors

Applying the factors articulated by the Ninth Circuit in *Eitel*, the Court finds factors weigh in favor of granting Plaintiff's motion for default judgment.

#### A.    Prejudice to Plaintiff

Plaintiff has no other alternative by which to evaluate Defendant's claim to the life insurance policy, because Defendant has failed to respond to the complaint. *See Pepsico, Inc.*, 238 F.Supp.2d at 1177. Therefore, the Court finds that Plaintiff would be prejudiced if a default judgment is not granted.

#### B.    Merits of Plaintiff's claims and sufficiency of the complaint

Given the kinship of these factors, the Court will consider the merits of Plaintiff's substantive claims and the sufficiency of the complaint together. *See J & J Sports Productions v. Hernandez*, 2010 U.S. Dist. LEXIS 48191, at *3, n. 4 (E.D. Cal. May 17, 2010). The Ninth Circuit has suggested that, when combined, these factors require a plaintiff to "state a claim on which the plaintiff may recover." *Pepsico, Inc.*, 238 F.Supp.2d at 1175, citing *Kloepping v. Fireman's Fund*, 1996 U.S. Dist. LEXIS 1786, at *6 (N.D. Cal. Feb. 14, 1996).

There are two purposes for an action in interpleader: (1) to protect the party depositing the funds with the court from secondary, follow-up actions and (2) to protect the resources of the interpleading party. *See Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010). The Court finds Plaintiff properly stated a claim for interpleader, and the actions of Plaintiff protect the claims of the remaining defendants. Further, there are no policy considerations which preclude the entry of

default judgment of the type requested. *See Eitel*, 782 F.2d at 1471-72. Therefore, this factor weighs in favor of entry of default judgment.

///

///

### C. Sum of money at stake

Here, the sum of the money at stake is $516, 241.72, which represents the amount of benefits under the life insurance policy and the accrued interest. (Doc. 21 at 3). Although the amount of money at stake is significant, Plaintiff does not seek an award of damages. Rather, Plaintiff seeks to resolve conflicting claims to the funds. The Court is mindful, however, this judgment precludes Defendant from claiming any portion of these proceeds. Thus, the Court finds this factor weighs against entry of default judgment. However, in light of the Court's determination as to the remaining factors, this finding is not dispositive.

### D. Possibility of dispute concerning material facts

The Court considers also the possibility of dispute as to any material facts in the case. Here, there is little possibility of dispute concerning material facts because (1) based on the entry of default, the Court accepts all allegations in Plaintiff's Complaint as true and (2) Defendant has not made any effort to challenge the Complaint or otherwise appear in this case. Therefore, this factor weighs in favor of the entry of default judgment.

### E. Whether default was due to excusable neglect

Generally, the Court will consider whether Defendant's failure to answer is due to excusable neglect. *See Eitel*, 782 F.2d at 1472. Here, Plaintiff effected service on Defendant via substituted service, which is a method permitted by law. It is unlikely that Defendant's failure to answer, and the resulting defaults entered by the Clerk of Court, were the result of excusable neglect. *See Shanghai Automation Instrument Co., Ltd. v. Kuei,* 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

### F. Policy disfavoring judgment

As noted above, default judgments are disfavored because "[c]ases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, Defendant's failure to appear and defend makes a decision on the merits impractical. Consequently, the policy underlying

the Federal Rules of Civil Procedure favoring decisions on the merits does not weigh against entry of default judgment.

### IV.     Findings and Recommendations

Application of the *Eitel* factors weighs in favor of default judgment, and the Court is acting within its discretion to grant default judgment. *See Aldabe*, 616 F.2d at 1092. Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for the entry of default judgment against Defendant Eduardo Canul be **GRANTED** as follows:

1. Default judgment be entered against defendant Eduardo Canul with Plaintiff as the prevailing party;
2. Eduardo Canul be permanently enjoined from instituting or prosecuting any proceeding in any State or United States Court against Plaintiff and/or its agents, affiliates, parents, subsidiaries, attorneys or assigns, with respect to life insurance policy number LF-2255-8658; and
3. Plaintiff be discharged from all liability to Eduardo Canul in this action or under life insurance policy number LF-2255-8658.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 10, 2012**                              /s/ Jennifer L. Thurston
                                                         UNITED STATES MAGISTRATE JUDGE